**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NELLIE M. CAMPBELL,

      Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

      Defendant - Appellee.

No. 02-5006
D.C. No. 00-CV-956-M
(N.D. Oklahoma)

**ORDER AND JUDGMENT**

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Nellie M. Campbell appeals from the district court's order affirming the Commissioner's determination that she was not entitled to Social Security disability benefits. Because the Commissioner's decision was reached in accord with relevant legal standards and substantial evidence supports the decision, we affirm.

Plaintiff filed a claim for disability insurance benefits on September 16, 1994, alleging disability since September 23, 1989, due to back and shoulder pain, diabetes, hypertension, fibromyositis, obesity, respiratory problems and asthma, stomach problems, depression, and anxiety. Plaintiff's insured status expired December 31, 1994; thus, she must show she was totally disabled prior to that date. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993) (holding that claimant must show she was disabled prior to expiration of insured status). After an administrative hearing at which a vocational expert (VE) testified, an administrative law judge (ALJ) ruled against plaintiff on March 25, 1996. While review was pending before the district court, the district court granted the Commissioner's request that the case be remanded for further administrative proceedings.

On remand, plaintiff provided additional medical records regarding her mental impairments. The ALJ held a supplemental hearing at which another VE testified. The ALJ completed a Psychiatric Review Technique (PRT) form, on

-2-

which he concluded that plaintiff did suffer from depression and situational anxiety, but that her mental condition caused only slight restrictions in her daily living and slight difficulty in maintaining social functioning; seldom resulted in deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner; and had only once or twice caused episodes of deterioration or decompensation in work or work-like settings.

On July 22, 1999, the ALJ rendered his second decision, denying plaintiff's claim at step five of the evaluation sequence. *See generally Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five-step sequential process for determining disability). At step one, the ALJ determined that plaintiff had not worked since her alleged onset date; at steps two and three, he found that she had severe impairments of obesity, diabetes mellitus, depression, anxiety, hypertension, and asthma, but that these impairments did not meet or equal any impairment in the relevant listing of impairments. At step four, the ALJ determined that plaintiff did not retain the residual functional capacity (RFC) to return to any of her past relevant work.

At step five, taking into account plaintiff's impairments, RFC, age, education, work experience, and the testimony of the VE, the ALJ concluded that plaintiff was not disabled because she retained the RFC to perform certain light work, including light food preparation work, light office cleaning, sedentary order

clerk, or sedentary assembly work.  The Social Security Appeals Council denied

plaintiff's request for review, making the ALJ's second decision the final decision

of the Commissioner for purposes of this appeal.  She then appealed to the district

court and the case was referred to a magistrate judge, who upheld the

Commissioner's determination.  Plaintiff appeals that decision to this court.

This court reviews the Commissioner's decision to determine only whether

the relevant findings are supported by substantial evidence in light of the entire

record, and whether the Commissioner applied the correct legal standards.

*O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).  "Substantial evidence is

such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Id.* (internal quotation marks omitted).  "Evidence is insubstantial

if it is overwhelmingly contradicted by other evidence." *Id.*  In the course of our

review, we may "neither reweigh the evidence nor substitute our judgment for that

of the [Commissioner]." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d

799, 800 (10th Cir. 1991).  Finally, we are further restricted in our review in this

case based on the fact that plaintiff's insured status expired on December 31,

1994.  Thus, the ALJ's inquiry was limited to determining whether she was

disabled before that date, and our review of the ALJ's decision necessarily takes

that limitation into consideration.  *See Potter v. Sec'y of Health & Human Servs.*,

905 F.2d 1346, 1348-49 (10th Cir. 1990) ("[T]he relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status.").

Plaintiff first contends that the ALJ failed to evaluate properly her depression and other psychological problems. The ALJ recognized that plaintiff suffered from depression and situational anxiety and followed the procedures outlined for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a. He determined that during the time period prior to the expiration of her insured status , plaintiff's depression did not cause any work restrictions.

The ALJ relied in part on the opinion of plaintiff's physician, Dr. Supak, who did opine that she suffered from depression and should find a less stressful job, R. Vol. I, at 106, but also opined that plaintiff would be able to return to her usual work in a less stressful situation in six to eight weeks. *Id.* at 110. Dr. Supak also opined that plaintiff could be cross-trained for a different type of work and had a tolerance for light work. *Id*. at 104-06. The ALJ also noted plaintiff's statement that an anti-depressant medication, Zoloft, was effective in controlling her depression. *Id*. Vol. II at 299. Further, no physician opined that plaintiff's mental impairments were disabling.

The ALJ also relied on plaintiff's own description of her daily activities, which included taking care of herself and her son, maintaining her household, cooking almost daily, visiting friends or family once or twice a week, going

shopping, reading occasionally, and watching television. R. Vol. II, at 300, 301. Contrary to plaintiff's contention, the record does support the ALJ's description of plaintiff's account of her daily activities. *See* R. Vol. I at 88 (takes care of her personal needs and grooming without assistance; prepares all her own meals and cooks once a day); *id*. at 82, 91 (visits friends or family once or twice a week for one-to-three hours); *id*. at 89 (cleans house, launders clothes and does other work around the house, shops once a week for groceries and necessities); *id*. at 90 (reads occasionally, watches television). Plaintiff did report that her son helps her with the cleaning, *id.* at 89, that she cannot clean or cook and bake as much as she used to, *id.* at 87, 88, and that she does not have any hobbies or pastimes, *id.* at 90. Nevertheless, the evidence of plaintiff's daily activities is consistent with the ALJ's finding that her depression minimally interferes with her activities, particularly considering that these are plaintiff's self-reports and the ALJ questioned her credibility.

Plaintiff points to evidence of her depression after the expiration of her insured status and contends the ALJ erred in not ordering a consulting psychological examination. But a retrospective diagnosis several years after the time at issue would be of very limited utility. *See Potter*, 905 F.2d at 1348-49. Because there was no evidence of actual disability in the medical record before December 1994, the ALJ did not abuse his discretion in not ordering a

retrospective consulting examination. We conclude that the administrative record supports the ALJ's determination that plaintiff's mental impairments were not disabling. *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) ("[T]he record must contain substantial competent evidence to support the conclusions recorded on the PRT form.").

Next, plaintiff alleges that in evaluating her credibility, the ALJ did not consider her lengthy work history. A claimant's prior work history is one of many factors an ALJ must consider in assessing the credibility of a claimant's subjective complaints of disabling pain. *See* 20 C.F.R. § 404.1529(c)(3). Contrary to plaintiff's characterization of the decision, the ALJ did consider her prior work history, but also recognized that after her physician recommended she find less stressful employment, she "made little effort to obtain education, training, or jobs at *any* level of exertion or stress." R. Vol. II, at 300 (emphasis added). The record supports this conclusion. Plaintiff suggests that the ALJ failed to consider that depression can cause people to withdraw from their friends, family, activities, and work, and may explain why she made little effort to obtain further education, training, or jobs. As the ALJ noted in assessing her depression, however, plaintiff's description of her daily activities does not demonstrate that she withdrew from her friends, family, or activities. Moreover, her earnings increased after the birth of her child, when she claims her depression started to

become disabling.  The ALJ did not place undue emphasis on plaintiff's work history, but considered it as but one of several factors bearing on her credibility.  The ALJ linked his determination of credibility to specific findings of facts in evidence which are fairly derived from the record.  "Credibility determinations are peculiarly the province of the finder of fact," and should not be upset "when supported by substantial evidence."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted).  We conclude the ALJ properly considered plaintiff's work history and his assessment of her credibility was supported by substantial evidence.

Finally, plaintiff contends the ALJ did not consider her impairments in combination.  *See Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991) (holding that an ALJ "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability"); *see also* 20 C.F.R. § 404.1523.  A review of the ALJ's opinion shows that he discussed all of plaintiff's impairments in his evaluation of her RFC and considered all of plaintiff's alleged exertional and non-exertional impairments in combination.  *See* R. Vol. II, at 294, 300, 305.  None of the physicians who examined plaintiff stated or suggested that she was unable to work for a continuous twelve-month period as a result of her impairments.  *See* 42 U.S.C. § 423(d)(1)(A) (providing that, to establish eligibility for disability

benefits, a claimant must show she is unable to work because of a medically determined impairment that lasts continuously for at least twelve months). What plaintiff is essentially asking is that this court reweigh the evidence relating to her depression, which we cannot do. *See Casias*, 933 F.2d at 800.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge